UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLY FITZPATRICK,

    Plaintiff,

v.

    Case No. 17-11543
    District Judge Victoria A. Roberts
    Magistrate Judge Elizabeth A. Stafford

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. # 22); GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. # 20); AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. #19)**

**I.    INTRODUCTION**

Plaintiff Holly Fitzpatrick ("Fitzpatrick") appealed the decision of the Commissioner of Social Security to deny her application for disability insurance benefits.

This matter is before the Court on the parties' cross-motions for summary judgment. The Court referred those motions to Magistrate Judge Elizabeth A. Stafford. On June 16, 2018, Magistrate Judge Stafford filed a Report and Recommendation ("R&R"). In the R&R, she recommends that the Court grant the Commissioner's Motion for Summary Judgment and deny Fitzpatrick's. Magistrate Judge Stafford found that: (1) the Administrative Law Judge's ("ALJ") credibility determination was supported by substantial evidence; (2) the ALJ properly applied the treating physician rule; (3) the ALJ properly relied on record evidence in making her Residual Functional Capacity

1

("RFC") determination; and (4) the ALJ accounted for Fitzpatrick's relevant severe impairments in the RFC. Fitzpatrick timely objected. The objections are fully briefed.

The Court **ADOPTS** the Report and Recommendation. The Commissioner's motion for summary judgment is **GRANTED**; Fitzpatrick's motion is **DENIED**.

**II. DISCUSSION**

This Court engages in *de novo* review of a magistrate judge's Report and Recommendation on a dispositive motion that is objected to properly. 28 U.S.C. § 636(b)(1). Where a magistrate judge's R&R is objected to, the district court must conduct a *de novo* review of those portions of the R&R to which an objection has been made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). After completing a *de novo* review, there is no requirement that the district court articulate all of the reasons it rejects a party's objections. *Thomas v. Halter*, 131 F.Supp. 2d 942, 944 (E.D. Mich. 2001). After carefully reviewing the cross-motions for summary judgment, the R&R, Fitzpatrick's objections, and the remainder of the record, the Court agrees with Magistrate Judge Stafford's conclusions.

Fitzpatrick submitted four objections. Fitzpatrick argues that the Magistrate Judge erred by: (1) inappropriately excusing fatal gaps in the ALJ's credibility determination; (2) impermissibly dismissing Fitzpatrick's argument regarding the application of the treating physician rule; (3) misstating Fitzpatrick's argument regarding record support for the ALJ's RFC assessment; and (4) inappropriately mischaracterizing arguments concerning Fitzpatrick's migraines.

### A. Fitzpatrick's First Objection is Rejected; the ALJ's credibility determination was supported by substantial evidence

Fitzpatrick first argues that Magistrate Judge Stafford erred in finding that the ALJ's credibility determination was supported by substantial evidence. Fitzpatrick's argument in support of this objection consists of two points. Fitzpatrick says that: (1) the ALJ impermissibly failed to provide the reasons supporting her credibility determination in her written decision; and (2) the ALJ impermissibly based her credibility determination solely on the objective medical record. Fitzpatrick is incorrect on both points.

In her decision, the ALJ found that Fitzpatrick's statements regarding her symptoms were not entirely credible. This credibility determination played a role in the ALJ's RFC assessment.

An ALJ's credibility determinations should not be disturbed "absent compelling reason." *See Smith v.* Halter, 307 F.3d 377, 379 (6th Cir. 2001). "[A]n ALJ's credibility determinations about the claimant are to be given great weight." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007). While an ALJ's credibility determinations are given great deference, those determinations must be supported by the record in the case. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Fitzpatrick cites SSR 96-7p, which mandates that an ALJ carefully consider both the testifying individual's statements regarding symptoms and the entire relevant case record when deciding whether those statements are credible. SSR 96-7p, 1996 WL 374186. The regulation goes on to state that an individual's statements regarding her

symptoms "may not be disregarded solely because they are not substantiated by objective medical evidence." *Id.*

The ALJ's credibility assessment fully complied with this regulation. First, the ALJ did not fail to provide the reasons supporting her credibility determination; a large portion of the ALJ's decision addresses the factors underlying the credibility determination. Fitzpatrick, however, says that the ALJ's credibility assessment impermissibly amounted to no more than a single, conclusory statement. Fitzpatrick also says that the ALJ's failure to list and discuss relevant factors immediately after the credibility finding violated SSR 96-7p.

Fitzpatrick's argument essentially places form over function, with no legal basis for doing so. Fitzpatrick fails to cite any authority that supports the idea that the ALJ must list relevant factors immediately following her credibility determination. This Court has held that it is appropriate to look to the entirety of an ALJ's decision when determining whether the ALJ considered the appropriate factors, albeit in a slightly different context. *See Jacques v. Comm'r of Soc. Sec.*, No. 13-10388, 2014 WL 3891550, at *8 (E.D. Mich. Aug. 8, 2014).

Addressing Fitzpatrick's second point, it is clear that the ALJ considered the entire relevant case record in making her credibility determination; indeed, the ALJ discussed Fitzpatrick's continued ability to engage in a wide range of daily life activities, among other things. Moreover, Magistrate Judge Stafford clearly references the fact that the ALJ analyzed the "objective record evidence;" notwithstanding Judge Stafford's later reference to the "objective medical evidence."

It is clear that the ALJ took multiple factors into consideration; she did not err in finding that the ALJ's credibility determination was supported by substantial evidence.

**B. Fitzpatrick's Second Objection is Rejected; the ALJ Properly Applied the Treating Physician Rule**

Fitzpatrick next argues that Magistrate Judge Stafford erred in dismissing her argument regarding the treating physician rule.

The treating physician rule mandates that a treating physician's opinion be given controlling weight if the physician's opinion as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." *Rogers*, supra, at 242-43. An ALJ must provide "good reasons" for giving less than controlling weight to a treating physician's opinion, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 242.

In her decision, the ALJ discounted the opinion of Dr. Benedix, one of Fitzpatrick's treating physicians. The ALJ found that Dr. Benedix's opinion and prescribed limitations were not supported by the objective record and were based solely on Fitzpatrick's subjective complaints. The ALJ did, however, still take Dr. Benedix's opinion into account in making her decision. The ALJ had good reasons for discounting Dr. Benedix's opinion.

First, it is clear that Dr. Benedix's opinion was not "well-supported by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at 242-43. A review of the

5

record shows that Dr. Benedix's prescribed limitations were based on Fitzpatrick's subjective complaints; indeed, the only evidence Fitzpatrick cites in support of Dr. Benedix's opinion is the opinion of another doctor, whose opinion was also based on Fitzpatrick's subjective complaints.

Moreover, the record demonstrates that Dr. Benedix's opinion conflicts with other substantial evidence; the rest of the medical record, particularly Fitzpatrick's treatment history, gives good reason to discount Dr. Benedix's prescribed limitations. As just mentioned, the only "objective evidence" Fitzpatrick cites in support of Dr. Benedix's opinion is the opinion of a second doctor. The Sixth Circuit has held that an ALJ is not instructed to compare a treating physician's opinion to that of another physician, but to the record as a whole. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 441-42 (6th Cir. 2010). "When deciding if a physician's opinion is consistent with the record, the ALJ may consider evidence such as the claimant's credibility, whether or not the findings are supported by objective medical evidence, as well as the opinions of every other physician of record." *Id.* at 442.

Given the above, Magistrate Judge Stafford did not err in finding that the ALJ correctly applied the treating physician rule.

### C. Fitzpatrick's Third Objection is Rejected; the ALJ did consider medical opinions in making her RFC assessment

Fitzpatrick next argues that Magistrate Judge Stafford impermissibly misstated Fitzpatrick's argument concerning the lack of foundation for the ALJ's RFC assessment. Fitzpatrick says that her real argument was that the ALJ impermissibly disregarded all

6

medical opinions in making her RFC assessment. While Fitzpatrick may disagree with Magistrate Judge Stafford's choice of words, the record demonstrates that the ALJ considered the opinions of Fitzpatrick's physicians in making her RFC assessment. The ALJ disagreed with and ultimately rejected the limitations prescribed by Drs. Benedix and Kuiper; however, the remainder of their opinions informed the RFC assessment.

Magistrate Judge Stafford did not err.

### D. Fitzpatrick's Fourth Objection is Rejected; the ALJ accounted for Fitzpatrick's migraines

Finally, Fitzpatrick argues that Magistrate Judge Stafford inappropriately mischaracterized arguments regarding her migraines. Fitzpatrick says that she provided more than her own testimony in support of her assertion that migraines completely debilitate her for two to three days a month. Again, Fitzpatrick's argument of mischaracterization is of no consequence.

First, Fitzpatrick says that medical diagnoses support her alleged limitations. Fitzpatrick does not, however, offer any proof that a doctor made a finding regarding those limitations. A diagnosis of migraines does not equate to a finding that the migraines were severe enough to disable Fitzpatrick for at least two to three days per month. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Second, the record demonstrates that the ALJ considered the relevant diagnoses in making her RFC assessment.

Magistrate Judge Stafford did not err in finding no reason to disturb the ALJ's assessment with respect to Fitzpatrick's migraines.

## III.   CONCLUSION

Magistrate Judge Stafford thoroughly lays out the facts, relevant portions of the administrative record, and the procedural history of the case in her R&R. In considering the record, Magistrate Judge Stafford applies relevant case law and gives well reasoned explanations for her conclusions. None of Fitzpatrick's objections has merit.

Accordingly, the Court **ADOPTS** Magistrate Judge Stafford's Report and Recommendation. The Commissioner's motion for summary judgment is **GRANTED**; Fitzpatrick's motion for summary judgment is **DENIED**. The decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 21, 2018